Matter of the Estate of MARY S. BIERSTADT, Deceased.

(Surrogate's Court, New York County, March, 1917.)

Transfer tax — taxes — wills — United States Revenue Act of September, 1916.

The tax imposed by the United States Revenue Act of September 8, 1916, upon the net estate of every decedent dying after the passage of the act, the rate being dependent

Surrogate's Court, New York County, March, 1917.   [Vol. 99.

upon the amount of the net estate left, is a tax upon the transfer of property and not upon the property itself.

As under said statute the tax imposed thereby is due the year after decedent's death, the amount thereof should not be deducted from the assets of the estate before computing its value for the purposes of the state transfer tax which, imposing a tax on the value of property transferred by will or by the intestate laws, is due immediately upon the death of decedent.

APPEAL from an order fixing and assessing a transfer tax.

George A. Viehmann, for executors.

Lafayette B. Gleason (John B. Gleason, of counsel), for the State Comptroller.

FOWLER, S.   The decedent had her domicile in this state.   She died on October 3, 1916, and left an estate which was appraised by the transfer tax appraiser appointed by this court at $2,203,564.   From this amount the appraiser deducted debts, administration expenses and commissions of executors amounting to $95,970.18, but he refused to deduct the amount of the tax to which the estate is subject under title 2 of the United States Revenue Act of September 8, 1916. From the order entered upon the appraiser's report the executors have taken this appeal.

In *Matter of Gihon,* 169 N. Y. 443, it was held that the inheritance tax imposed under the War Revenue Act of June 13, 1898, should not be deducted from the gross estate of the decedent in order to determine the value of the estate for the purposes of taxation under our Transfer Tax Law.   It is contended, however, that the act of September 8, 1916, is so essentially different from the act of June 13, 1898, that the decision in *Matter of Gihon* is not controlling in the matter under consideration.

The act of June 13, 1898, imposed a tax upon the succession to legacies or distributive shares, and not on the entire personal estate of a decedent, and the rate of taxation was determined by the relationship of the legatee to the deceased as well as the amount of the legacy or distributive shares. *Knowlton* v. *Moore,* 178 U. S. 41. The act of September 8, 1916, imposes " a tax * * * upon the transfer of the net estate of every decedent" dying after the passage of the act, the rate being dependent upon the amount of the net estate left by the decedent. The act further provides the method for ascertaining the value of the net estate. It also provides that the tax shall be due one year after the decedent's death, and that it shall be paid by the executor out of the estate before its distribution. It is therefore apparent that there is a substantial difference between the act of June 13, 1898, and the act of September 8, 1916. If the latter act were construed as authorizing the government to take by virtue of its sovereign power a certain percentage of the property of a decedent upon his death, it would be substantially similar to the estate duty of England, and like that duty would be deducted from the estate as an expense of administration before the value of the legacies could be ascertained for the purpose of assessing a legacy or succession tax. The probate duty imposed by our Revenue Act of 1862 was also deducted from the entire estate as an expense of administration, and was entirely separate from the legacy duties which were imposed by the same act and which were deducted from the amounts of the individual legacies. *Matter of Gihon, supra,* decided not only that the inheritance tax imposed by the Act of June 3, 1898, upon legacies was not to be deducted from the assets of the estate in determining its value for the purpose of taxation under our Tax Law, but it also decided that expenses

Surrogate's Court, New York County, March, 1917.  [Vol. 99.

of administration should be deducted from the assets of the estate. If, therefore, the tax that may be imposed upon the net estate of a decedent under the provisions of the act of September 8, 1916, is an expense of administration, it should be deducted by the transfer tax appraiser appointed under our tax law.

It is specifically stated in the act of September 8, 1916, that the tax is imposed upon the transfer of the net estate. It is therefore a tax upon the transfer of property and not upon the property itself. In this essential particular it differs from the probate duty imposed by the act of 1862 or the estate duty of England. There cannot be a transfer unless something is transferred from one source of title or possession to another. The transfer contemplated by the statute, therefore, is the transfer from the decedent to the legatees mentioned in his will. In that respect and to that extent it is a succession or transfer tax; and, while it differs from prior acts in providing that the rate shall be determined by the amount of the net estate and not by the amount passing to the individual legatee, it is not the less a transfer or succession tax, in contradistinction to an estate tax.

Our Tax Law imposes a tax upon the value of the property transferred by the will of the decedent or by operation of the intestate laws of the state of decedent's domicile, and the rate of taxation is dependent upon the value of the individual bequest or distributive share. Such tax is due and payable at the time of the transfer, which is the date of decedent's death. (Tax Law, § 222.) Under the United States Revenue Act of September 8, 1916, the tax is due one year after the decedent's death. § 204. It would therefore seem incongruous to contend that a tax which is due one year after the date of decedent's death should be

deducted from the assets of the estate before computing the value of the estate for the purpose of imposing a tax which is due immediately upon the death of the decedent. Besides, our Tax Law imposes a tax upon the value of the property transferred to the legatee by the will of the decedent. If the United States imposes a tax upon the privilege of transferring the property from the decedent to the legatee, the value of the property transferred is not diminished by the amount of such tax. It is true that the amount which the legatee eventually receives is less because of the imposition of such a tax, as the executor or administrator is authorized by the United States statute to deduct from the net estate the amount of such tax, but its imposition does not diminish the value of the property transferred by the will of the decedent, and it is upon such transfer that the law of this state imposes a tax. This proposition is made more manifest by the following illustration: If a testator bequeaths the sum of $10,000 to his nephew, and the estate has sufficient assets to warrant the executor to pay the legacy in full, the Tax Law of this state imposes a tax of $500 upon the transfer of the legacy. Under the United States Revenue Act of September 8, 1916, a tax would also be imposed upon the transfer of this $10,000 if the entire net estate exceeded $50,000. Assuming that this tax would be $100, the net amount which the legatee would receive from the executor would be $9,400. But that would not be the value of the property transferred to the legatee under the will of the decedent. The actual value of that transfer was $10,000. The $500 tax paid to the state of New York was not transferred to it by the will of the decedent, neither was the $100 paid to the United States, and as the tax imposed by the state of New York is upon the value of the property transferred by will or under the

intestate laws, and not upon the value of the property which is eventually paid over by the executor or administrator to the legatee or next of kin, no deduction can be allowed from the value of such bequest on account of a tax imposed by any other government upon the right of the legatee or next of kin to succeed to the property.

In *Matter of Penfold,* 81 Misc. Rep. 598, I had occasion to consider a question which in some material respects is similar to that now presented for determination. The question there involved the right of the executor of an estate to deduct from the assets of the estate the amount of transfer tax paid under the laws of other states, and I then held that the taxes imposed by such foreign states should not be deducted from the assets in this state for the purpose of determining the value of the property liable to taxation under the tax law of this state. This decision was affirmed by the Court of Appeals in 216 New York, 171, and I believe that the reasons which led to the conclusion at which I arrived in that case apply with equal force to the determination of the question here presented.

From considerations of abstract justice I have the less hesitation in arriving at the conclusion indicated, because of the fact that the collector of internal revenue, in ascertaining the value of the net estate subject to taxation under the Revenue Act of September, 1916, deducts from the gross estate the amount of taxes assessed against the estate in this state. This practice eliminates any question of taxation upon property already appropriated by another state in payment of the tax assessed under its tax laws. The order fixing tax will therefore be affirmed.

Order affirmed.